# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMAR A. WILLIAMS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-19-550 |
| MICHAEL C. HANLON, *Assistant United States Attorney,* | * | |
| ROBERT K. HUR, *U.S. Attorney for District of Maryland,* | * | |
| DAVID LUTZ, *Assistant U.S. Marshal,* | | |
| STEPHANIE A. GALLAGHER, *U.S. Magistrate Judge,* | * | |
| J. MARK COULSON, *U.S. Magistrate Judge,* | * | |
| KENNETH M. LANGSTON, *Senior U.S. Probation Officer,* | * | |
| HELEN DONOVAN, *Social Worker,* | * | |
| LAUREN M. ELFNER, *Assistant United States Attorney, Individual Capacity & Official Capacity,* | * | |
| BRYAN K. FORMAN, *Individual Capacity & Official Capacity,*[1] | * | |
| REBECCA S. TALBOTT, *Assistant Federal Public Defender, Individual Capacity & Official Capacity,* | * | |
| BEVERLY GRIFFITH, *Attorney Advisor, Individual Capacity & Official Capacity,* | * | |
| JAMES K. BREDAR, *Chief Judge, United States District Court of Maryland, Individual Capacity & Official Capacity,* | * | |
| ROGER L. GREGORY, *Chief Judge, United States Court of Appeals for the Fourth Circuit, Individual Capacity & Official Capacity,* | * | |
| PATRICIA CONNOR, *Clerk, United States Court of Appeals for the Fourth Circuit, Individual Capacity and Official Capacity,* | * | |
| STEPHANIE VASSAR, *Clerk, United States Court of Appeals for the Fourth Circuit,* | * | |

---

[1] Although not apparent from the Complaint, Bryan K. Forman appears to be an employee of the United States Attorney for the District of Maryland.

*Individual Capacity & Official Capacity,*

Defendants

\*\*\*

## MEMORANDUM OPINION

Lamar Williams, a Maryland resident, has filed a 42-page Complaint seeking money damages for injuries sustained as a result of his July 3, 2018 arrest and subsequent conviction for criminal contempt of court in violation of 18 U.S.C. § 401.[2] Accompanying the Complaint is Williams' Motion for Leave to Proceed in Forma Pauperis (ECF No. 9), which shall be granted.

This case arises from and is related to the cases of *Williams v. Baltimore County*, Civil Action No. GLR-17-66 and *United States v. Williams*, Criminal No. TDC-18-413. The civil action seeking damages under the Americans with Disabilities Act[3] arose after Williams was terminated from employment with Baltimore County. During those proceedings Williams was ordered not to contact the chambers of the presiding judge, the Honorable James Bredar, via email or telephone and to only communicate in writing via documents filed with the Clerk. Dissatisfied with the conduct of those proceedings, Williams filed complaints against Judge Bredar with the Judicial Council of the Fourth Circuit Court of Appeals.

Williams subsequently violated the court order barring him from contacting chambers and the matter was referred to the United States Marshal for investigation. Ultimately, Williams was charged with one count of criminal contempt in violation of 18 U.S.C. § 401 and, after a bench trial, was convicted and sentenced to 47 days' confinement. Williams' appeal of that conviction remains pending. *See* Criminal No. TDC-18-413.

---

[2] *See United States v. Williams*, TDC-18-413 (D. Md.)

[3] The Americans with Disabilities Act ("ADA") is found at 42 U.S.C. § 12111.

Aggrieved by the actions of the court, Williams filed this case which, for reasons that follow, may not proceed.

**Background**

Williams brings his action against Michael C. Hanlon, Robert K. Hur, Brian K. Forman, and Lauren Elfner, United States Attorneys involved in the prosecution of his criminal case in this District; David Lutz, the Assistant U.S. Marshal involved in his arrest; United States Magistrate Judges Stephanie A. Gallagher and J. Mark Coulson, who held hearings during Williams's criminal proceedings; Kenneth M. Langston and Helen Donovan, employees of the United States Pretrial and Probation Office who participated in Williams's criminal proceedings; Rebecca S. Talbott, an Assistant Federal Public Defender who represented Williams; Beverly Griffith, a federal court employee who testified at Williams's criminal proceedings; and the Honorable James K. Bredar, the Chief Judge of this District who presided over Williams' civil case. Additionally, he sues the Honorable Robert L. Gregory, Chief Judge of the United States Court of Appeals for the Fourth Circuit, and Patricia Connor, Clerk of the United States Court of Appeals for the Fourth Circuit and her employee, Stephanie Vassar, for their actions in adjudicating and processing Williams's judicial complaint against Judge Bredar.[4]

The precise nature of Williams' Complaint is unclear. He cites numerous Federal Rules of Civil Procedure that neither confer a jurisdictional basis for this action nor suggest a nature of suit.[5] He also cites statutory provisions, including 28 U.S.C. §§ 351-364(concerning complaints against judges and judicial discipline); "Chapter 3 § 320, Article I, 3 (Definitions)(h)(D), (h)(E) &

---

[4] Dissatisfied with the progress of his civil proceeding, Williams filed complaints against Judge Bredar with the Judicial Council of the United States Circuit Court of Appeals for the Fourth Circuit.

[5] Specifically, Fed. R. Civ. Pro. 9(b), 15(d), 26(c), 37, 59(e), 60, 62(b)(3) and 78(a).

(h)(G)"; 42 USC § 12203 (prohibition against retaliation and coercion); 28 U.S.C. § 4101 (defining defamation), and the 7th Amendment (concerning the right to a civil jury trial), 14th Amendment (concerning due process and equal protection); various civil rights statutes, including 42 U.S.C. § 1981 (equal rights), § 1983 (civil action for deprivation of rights), and § 1985 (conspiracy to interfere with civil rights); 18 U.S.C. §§ 1621 (perjury generally); § 1623 (false declarations before grand jury or court); and 28 U.S.C. § 455 (disqualification of justice, judge, or magistrate judge); the Privacy Act of 1974, 38 U.S.C. § 7332 (confidentiality of certain Veterans' medical records) and 31 C.F.R. 501.733 (concerning evidence regarding confidential information, protective orders for regulating money and foreign assets control within the Department of the Treasury). Maryland rules concerning disclosure of records as well as the American Bar Association Model Code of Professional Responsibility are also referenced. Williams, however, fails to explain how Defendants' conduct is alleged to violate these codifications and rules which, in any event, either fail to provide a basis creating a private cause of action or are clearly inapplicable to Williams' case.

## Standard of Review

Williams filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[6] A Complaint that is legally frivolous may also be dismissed at its

---

[6] The Court's inherent authority to screen and dismiss self-represented complaints exists even in circumstances where the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000).

4

inception for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in so doing assumes the factual allegations are true. *Id.* at 93, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations" but "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

With these standards in mind, the Court finds that Williams has failed to articulate allegations which may be suitably addressed by this Court or to which the named Defendants

---

This authority exists because the Court lacks subject matter jurisdiction over a legally frivolous claim, thereby making dismissal prior to service permissible. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

should be required to respond.[7]

## Analysis

### A. Judicial Immunity

Many of the parties against whom Williams seeks damages are protected from liability based on the claims asserted. *See Burns v. Reed*, 500 U.S. 478 (1991). This protection, known as the doctrine of judicial immunity, is designed to protect the judicial process. Accordingly, the inquiry conducted by this Court centers on whether the Defendants' actions are closely associated with the judicial proceedings about which Williams complains. *Id.*

The doctrine of judicial immunity extends, of course, to judges, *see Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") and shields them from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

Moreover, "judges . . .are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976)

---

[7] Williams states that on the morning of August 28, 2018, while held at the Chesapeake Detention Facility, unnamed correctional officers conducted a strip search amounting to a sexual assault, beat him, and improperly applied handcuffs. ECF No. 1 at 23, ¶ 63. Should Williams wish to pursue these allegations against the officers responsible for these actions, he may file a separate federal lawsuit.

(stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553-54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester at* 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13. Neither exception applies here. Williams's claims against Judges Gallagher, Coulson, Bredar and Gregory stem from the fact that each presided over aspects of his civil litigation, his judicial complaint, and his criminal proceedings. Rulings on pending cases over which they had jurisdiction are precisely the type of judicial action

covered by judicial immunity. Williams provides no grounds to defeat the judicial immunity that applies to the Defendants' determinations made in his cases. Accordingly, Williams's Complaint allegations against Defendants Gallagher, Coulson, Bredar and Gregory are dismissed.

## B. Quasi-Judicial Immunity

Additionally, absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir.1992) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.1989)).

In determining the applicability of quasi-judicial immunity, courts consider three main criteria: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.,* 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel,* 177 F.3d 245, 249 (4th Cir. 1999)). Pursuant to *Pressly v. Gregory,* 831 F.2d 514, 517 (4th Cir. 1987), "immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump,* 435 U.S. 349). Williams does not claim that Patricia Connor, Clerk of the Fourth Circuit Court of Appeals, and Stephanie Vassar, an employee of that court, acted in the absence of jurisdiction. Thus, Williams's claim against Connor and Vassar are not cognizable.

Likewise, prosecuting attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). As with court employees, the inquiry focuses on whether a prosecutor's actions are closely associated with judicial process. *See Burns*, 500 U.S. at 479 (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Therefore, on the face of the suit, prosecutorial Defendants, Hur, Foreman, Hanlon and Elfner, and staff member Forman, enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

By extension, United States Pretrial and Probation Office employees Kenneth Langston and Helen Donovan are also entitled to absolute quasi-judicial immunity for their role in investigating, preparing, and submitting reports. *See Hill v. Sciarrotta*, 130 F.3d 210, 213 (2d Cir. 1997); *Dorman v. Higgins*, 821 F.2d 133, 138 (2d Cir. 1987) (federal probation officers immune from suit); *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986) (federal probation officers immune from suit); *Boyce v. Maricopa*, 144 Fed. App'x 653, 654 (9th Cir. 2005) ("The district

court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damage claims."); *Ray v. Pickett*, 734 F.2d 370, 373-75 (8th Cir. 1984) (probation officers entitled to qualified immunity for their roles in petitioning for probation revocation). So too, witnesses in criminal proceedings, such as Beverly Griffith, a court employee, have absolute immunity in an action for damages brought under § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 328 (1983); *Kincaid*, 712 F.2d 1023.

## C. Wrongful Arrest

Assistant U.S. Marshal David Lutz, who appears to have played a role in Williams's arrest, is not entitled to quasi-judicial absolute immunity. Nonetheless, the Complaint against Lutz must be dismissed without prejudice. Williams's claim that Lutz acted improperly in his participation in his arrest presumes that the arrest was unlawful. However, Williams's conviction has never been overturned or successfully challenged. *See United States v. Williams*, Crim. Case TDC-18-413 (D. Md. 2018). As such, the claim is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).[8] The holding in *Heck* has been further clarified to include any claim where facts "inconsistent with guilt" are pled. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015). Williams's allegations surrounding his arrest fall squarely within the *Heck* prohibition and may not proceed at this juncture.

## D. State Action

Lastly, Williams's claims against his court-appointed public defender Rebecca Talbott may not proceed. Defense attorneys do not act under color of state law even if they are appointed by the Court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d

---

[8] Likewise, Williams's claims against the prosecuting attorneys would be also barred under *Heck*.

10

1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981).

Because the case is subject to dismissal, Williams's request for permissive joinder (ECF No. 11, as supplemented at ECF No. 14) and demand for a change of venue and hearing (ECF Nos. 12 and 13) are denied. A separate Order follows.

April 15, 2019
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE